THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| PSO, LLC, a Delaware Limited Liability Company,<br><br>   Plaintiff,<br><br>v.<br><br>BRAVO PHOTO, LLC, an Iowa Limited Liability Company, TOM BRANDT, DAVID GALLAGHER, and BROOK PETERSON.<br>   Defendants. | No.3:09-cv-00089-CRW-TJS<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S VERIFIED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

COME NOW the Defendants, Bravo Photo, LLC, Tom Brandt, David Gallagher, and Brook Peterson, (collectively "Defendants") and in Answer to Plaintiff's Verified Complaint, state as follows:

### COUNT I - COMPLAINT FOR INJUNCTION AND OTHER RELIEF

### Parties, Jurisdiction and Venue

1. Defendants deny the allegations contained in paragraph 1 of Plaintiff's Verified Complaint, ("Plaintiff's Complaint") for lack of knowledge.

2. Defendants deny the allegations contained in paragraph 2 of Plaintiff's Complaint for lack of knowledge.

3. Defendants admit the allegations contained in paragraph 3 of Plaintiff's Complaint.

4. Defendants admit the allegations contained in paragraph 4 of Plaintiff's Complaint.

5. Defendants admit the allegations contained in paragraph 5 of Plaintiff's

Complaint.

6.   Defendants admit the allegations contained in paragraph 6 of Plaintiff's Complaint.

7.   Defendants deny the allegations contained in paragraph 7 of Plaintiff's Complaint and hold Plaintiff to its proof.

8.   Defendants state that Plaintiff has yet to prove that this Court has appropriate jurisdiction and therefore venue may not be appropriate, so they deny the allegations contained in paragraph 8 of Plaintiff's Complaint.

### Factual Background

Defendants re-plead paragraphs 1 through 8 as if fully set forth herein.

9.   Defendants deny the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.   Defendants admit the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.   Defendants admit the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.   Defendants admit the allegations contained in paragraph 12 of Plaintiff's Complaint.

13.   Defendants admit the allegations contained in paragraph 13 of Plaintiff's Complaint, which document speaks for itself.

14.   Defendants admit the allegations contained in paragraph 14 of Plaintiff's Complaint, which document speaks for itself.

15.   Defendants admit the allegations contained in paragraph 15 of Plaintiff's Complaint, which document speaks for itself.

16.   Defendants state that the Employee Confidentiality Agreements speak for

themselves.

17. Defendants admit the allegations contained in paragraph 17 of Plaintiff's Complaint.

18. Defendants deny the allegations contained in paragraph 18 of Plaintiff's Complaint.

19. Defendants deny the allegations contained in paragraph 19 of Plaintiff's Complaint.

20. Defendants deny the allegations contained in paragraph 20 of Plaintiff's Complaint.

21. Defendants state the stated email speaks for itself, is not a true copy of the entire email, and Defendants deny the remaining allegations contained in paragraph 21 of Plaintiff's Complaint.

22. Defendants state the stated email speaks for itself, is not a true copy of the entire email, and Defendants deny the remaining allegations contained in paragraph 22 of Plaintiff's Complaint.

23. Defendants state the stated email speaks for itself, is not a true copy of the entire email, and Defendants deny the remaining allegations contained in paragraph 23 of Plaintiff's Complaint.

24. Defendants state the stated email speaks for itself, is not a true copy of the entire email, and Defendants deny the remaining allegations contained in paragraph 24 of Plaintiff's Complaint.

25. Defendants state the stated email speaks for itself, is not a true copy of the entire email, and Defendants deny the remaining allegations contained in paragraph 25 of Plaintiff's Complaint.

26. Defendants admit the allegations contained in paragraph 26 of Plaintiff's Complaint.

27. Defendants admit the allegations contained in paragraph 27 of Plaintiff's Complaint, and state the emails speak for themselves.

28. Defendants deny the allegations contained in paragraph 28 of Plaintiff's Complaint for lack of knowledge. No verification of this document or statement has been provided by Plaintiff.

29. Defendants deny the allegations contained in paragraph 29 of Plaintiff's Complaint for lack of knowledge. No verification of this document or statement has been provided by Plaintiff.

30. Defendants deny the allegations contained in paragraph 30 of Plaintiff's Complaint for lack of knowledge. No verification of this document or statement has been provided by Plaintiff.

31. Defendants state the stated email speaks for itself, is not a true copy of the entire email, and Defendants deny the remaining allegations contained in paragraph 31 of Plaintiff's Complaint.

32. Defendants admit that Defendant Brandt, Gallagher and Peterson all received similar letters on June 12, 2008 from Plaintiff's Chicago counsel, all of which speak for themselves.

33. Defendants deny the allegations contained in paragraph 33 of Plaintiff's Complaint for lack of knowledge.

34. Defendants deny the allegations contained in paragraph 34 of Plaintiff's Complaint.

35. Defendants deny the allegations contained in paragraph 35 of Plaintiff's

4

Complaint.

36. Defendants deny the allegations contained in paragraph 36 of Plaintiff's Complaint.

### Complaint for Injunction

Defendants re-plead paragraphs 1 through 36 as if fully set forth herein.

37. Defendants deny the allegations contained in paragraph 37 of Plaintiff's Complaint.

38. Defendants deny the allegations contained in paragraph 38 of Plaintiff's Complaint.

39. Defendants deny the allegations contained in paragraph 39 of Plaintiff's Complaint.

40. Defendants deny the allegations contained in paragraph 40 of Plaintiff's Complaint.

41. Defendants deny the allegations contained in paragraph 41 of Plaintiff's Complaint.

WHEREFORE Defendants respectfully request that this court dismiss Plaintiff's Complaint at Plaintiff's cost and for such other and further relief as the court deems fit under the circumstances.

### COUNT II - BREACH OF CONFIDENTIALITY AGREEMENT
### TOM BRANDT

Defendants re-plead paragraphs 1 through 36 as if fully set forth herein.

37[1]. Defendants deny the allegations contained in paragraph 37 of Plaintiff's Complaint.

---

[1] Plaintiff's Complaint has typos and is mis-numbered. Defendants will be responding based upon the numbers utilized by Plaintiff in its Complaint corresponding with the Counts listed in Plaintiff's Complaint.

5

38. Defendants deny the allegations contained in paragraph 38 of Plaintiff's Complaint.

39. Defendants deny the allegations contained in paragraph 39 of Plaintiff's Complaint.

40. Defendants deny the allegations contained in paragraph 40 of Plaintiff's Complaint.

WHEREFORE Defendants respectfully request that this court dismiss Plaintiff's Complaint at Plaintiff's cost and for such other and further relief as the court deems fit under the circumstances.

## COUNT III - BREACH OF CONFIDENTIALITY AGREEMENT
## DAVID GALLAGHER

Defendants re-plead paragraphs 1 through 36 as if fully set forth herein. See footnote #1.

37. Defendants deny the allegations contained in paragraph 37 of Plaintiff's Complaint.

38. Defendants deny the allegations contained in paragraph 38 of Plaintiff's Complaint.

39. Defendants deny the allegations contained in paragraph 39 of Plaintiff's Complaint.

40. Defendants deny the allegations contained in paragraph 40 of Plaintiff's Complaint.

WHEREFORE Defendants respectfully request that this court dismiss Plaintiff's Complaint at Plaintiff's cost and for such other and further relief as the court deems fit under the circumstances.

## COUNT IV - BREACH OF CONFIDENTIALITY AGREEMENT

## BROOK PETERSON

Defendants re-plead paragraphs 1 through 36 as if fully set forth herein. See footnote #1.

37. Defendants deny the allegations contained in paragraph 37 of Plaintiff's Complaint.

38. Defendants deny the allegations contained in paragraph 38 of Plaintiff's Complaint.

39. Defendants deny the allegations contained in paragraph 39 of Plaintiff's Complaint.

40. Defendants deny the allegations contained in paragraph 40 of Plaintiff's Complaint.

WHEREFORE Defendants respectfully request that this court dismiss Plaintiff's Complaint at Plaintiff's cost and for such other and further relief as the court deems fit under the circumstances.

## COUNT V - BREACH OF FIDUCIARY DUTY - TOM BRANDT

Defendants re-plead paragraphs 1 through 36 as if fully set forth herein. See footnote #1.

37. Defendants deny the allegations contained in paragraph 37 of Plaintiff's Complaint.

38. Defendants deny the allegations contained in paragraph 38 of Plaintiff's Complaint.

39. Defendants deny the allegations contained in paragraph 39 of Plaintiff's Complaint.

40. Defendants deny the allegations contained in paragraph 40 of Plaintiff's Complaint.

WHEREFORE Defendants respectfully request that this court dismiss Plaintiff's

Complaint at Plaintiff's cost and for such other and further relief as the court deems fit under the circumstances.

### COUNT VI - BREACH OF FIDUCIARY DUTY - DAVID GALLAGHER

Defendants re-plead paragraphs 1 through 36 as if fully set forth herein.  See footnote #1.

37.  Defendants deny the allegations contained in paragraph 37 of Plaintiff's Complaint.

38.  Defendants deny the allegations contained in paragraph 38 of Plaintiff's Complaint.

39.  Defendants deny the allegations contained in paragraph 39 of Plaintiff's Complaint.

40.  Defendants deny the allegations contained in paragraph 40 of Plaintiff's Complaint.

41.  Defendants deny the allegations contained in paragraph 41 of Plaintiff's Complaint.

WHEREFORE Defendants respectfully request that this court dismiss Plaintiff's Complaint at Plaintiff's cost and for such other and further relief as the court deems fit under the circumstances.

### COUNT VII - BREACH OF FIDUCIARY DUTY - BROOK PETERSON

Defendants re-plead paragraphs 1 through 36 as if fully set forth herein.  See footnote #1.

37.  Defendants deny the allegations contained in paragraph 37 of Plaintiff's Complaint.

38.  Defendants deny the allegations contained in paragraph 38 of Plaintiff's Complaint.

39. Defendants deny the allegations contained in paragraph 39 of Plaintiff's Complaint.

40. Defendants deny the allegations contained in paragraph 40 of Plaintiff's Complaint.

41. Defendants deny the allegations contained in paragraph 41 of Plaintiff's Complaint.

WHEREFORE Defendants respectfully request that this court dismiss Plaintiff's Complaint at Plaintiff's cost and for such other and further relief as the court deems fit under the circumstances.

## COUNT VIII - INTENTIONAL INTERFERENCE WITH PROSPECTIVE BUSINESS OR ECONOMIC ADVANTAGE - TOM BRANDT

Defendants re-plead paragraphs 1 through 36 as if fully set forth herein. See footnote #1.

37. Defendants deny the allegations contained in paragraph 37 of Plaintiff's Complaint.

38. Defendants deny the allegations contained in paragraph 38 of Plaintiff's Complaint.

WHEREFORE Defendants respectfully request that this court dismiss Plaintiff's Complaint at Plaintiff's cost and for such other and further relief as the court deems fit under the circumstances.

## COUNT IX - INTENTIONAL INTERFERENCE WITH PROSPECTIVE BUSINESS OR ECONOMIC ADVANTAGE - DAVID GALLAGHER

Defendants re-plead paragraphs 1 through 36 as if fully set forth herein. See footnote #1.

37. Defendants deny the allegations contained in paragraph 37 of Plaintiff's Complaint.

38.   Defendants deny the allegations contained in paragraph 38 of Plaintiff's Complaint.

WHEREFORE Defendants respectfully request that this court dismiss Plaintiff's Complaint at Plaintiff's cost and for such other and further relief as the court deems fit under the circumstances.

## COUNT X - INTENTIONAL INTERFERENCE WITH PROSPECTIVE BUSINESS OR ECONOMIC ADVANTAGE - BROOK PETERSON

Defendants re-plead paragraphs 1 through 36 as if fully set forth herein. See footnote #1.

37.   Defendants deny the allegations contained in paragraph 37 of Plaintiff's Complaint.

38.   Defendants deny the allegations contained in paragraph 38 of Plaintiff's Complaint.

WHEREFORE Defendants respectfully request that this court dismiss Plaintiff's Complaint at Plaintiff's cost and for such other and further relief as the court deems fit under the circumstances.

## COUNT XI - UNIFORM TRADE SECRETS ACT - TOM BRANDT

Defendants re-plead paragraphs 1 through 36 as if fully set forth herein. See footnote #1.

37.   Defendants state that the Employee Confidentiality Agreement speaks for itself, and deny the remaining allegations contained in paragraph 37 of Plaintiff's Complaint.

38.   Defendants state that the Employee Confidentiality Agreement speaks for itself, and deny the remaining allegations contained in paragraph 38 of Plaintiff's Complaint.

39.   Defendants deny the allegations contained in paragraph 39 of Plaintiff's Complaint.

40.   Defendants deny the allegations contained in paragraph 40 of Plaintiff's

Complaint.

41. Defendants deny the allegations contained in paragraph 41 of Plaintiff's Complaint.

42. Defendants deny the allegations contained in paragraph 42 of Plaintiff's Complaint.

43. Defendants deny the allegations contained in paragraph 43 of Plaintiff's Complaint.

44. Defendants deny the allegations contained in paragraph 44 of Plaintiff's Complaint.

45. Defendants deny the allegations contained in paragraph 45 of Plaintiff's Complaint.

WHEREFORE Defendants respectfully request that this court dismiss Plaintiff's Complaint at Plaintiff's cost and for such other and further relief as the court deems fit under the circumstances.

## COUNT XII- UNIFORM TRADE SECRETS ACT - DAVID GALLAGHER

Defendants re-plead paragraphs 1 through 36 as if fully set forth herein. See footnote #1.

37. Defendants state that the Employee Confidentiality Agreement speaks for itself, and deny the remaining allegations contained in paragraph 37 of Plaintiff's Complaint.

38. Defendants state that the Employee Confidentiality Agreement speaks for itself, and deny the remaining allegations contained in paragraph 38 of Plaintiff's Complaint.

39. Defendants deny the allegations contained in paragraph 39 of Plaintiff's Complaint.

40. Defendants deny the allegations contained in paragraph 40 of Plaintiff's Complaint.

41.     Defendants deny the allegations contained in paragraph 41 of Plaintiff's Complaint.

42.     Defendants deny the allegations contained in paragraph 42 of Plaintiff's Complaint.

43.     Defendants deny the allegations contained in paragraph 43 of Plaintiff's Complaint.

44.     Defendants deny the allegations contained in paragraph 44 of Plaintiff's Complaint.

45.     Defendants deny the allegations contained in paragraph 45 of Plaintiff's Complaint.

WHEREFORE Defendants respectfully request that this court dismiss Plaintiff's Complaint at Plaintiff's cost and for such other and further relief as the court deems fit under the circumstances.

### COUNT XIII - UNIFORM TRADE SECRETS ACT - BROOK PETERSON

Defendants re-plead paragraphs 1 through 36 as if fully set forth herein. See footnote #1.

37.     Defendants state that the Employee Confidentiality Agreement speaks for itself, and deny the remaining allegations contained in paragraph 37 of Plaintiff's Complaint.

38.     Defendants state that the Employee Confidentiality Agreement speaks for itself, and deny the remaining allegations contained in paragraph 38 of Plaintiff's Complaint.

39.     Defendants deny the allegations contained in paragraph 39 of Plaintiff's Complaint.

40.     Defendants deny the allegations contained in paragraph 40 of Plaintiff's Complaint.

41.     Defendants deny the allegations contained in paragraph 41 of Plaintiff's

Complaint.

42. Defendants deny the allegations contained in paragraph 42 of Plaintiff's Complaint.

43. Defendants deny the allegations contained in paragraph 43 of Plaintiff's Complaint.

44. Defendants deny the allegations contained in paragraph 44 of Plaintiff's Complaint.

45. Defendants deny the allegations contained in paragraph 45 of Plaintiff's Complaint.

WHEREFORE Defendants respectfully request that this court dismiss Plaintiff's Complaint at Plaintiff's cost and for such other and further relief as the court deems fit under the circumstances.

## AFFIRMATIVE DEFENSES

COME NOW the Defendants and hereby state the following Affirmative Defenses to Plaintiff's Complaint:

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. This Court may lack jurisdiction over this case and the parties, and thus, venue may also be improper.

3. Plaintiff has failed to mitigate its damages, if any.

4. If any damages exist and are proven, Defendants are entitled to a set off for amounts owing to Defendants.

5. Plaintiff claims are barred due to the doctrines of waiver, estoppel and laches.

6. Plaintiff's claims are barred because Plaintiff has unclean hands and an adequate remedy at law.

7. Plaintiff's claims are barred because the Employee Confidentially Agreements at issue are unenforceable and have expired by their terms.

8. Defendants' reserve the right to add any additional affirmative defenses that arise during the course of discovery.

WHEREFORE Defendants respectfully request that this court dismiss Plaintiff's Complaint at Plaintiff's cost and for such other and further relief as the court deems fit under the circumstances.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury of all issues raised herein.

Respectfully submitted,

/s/ Brian P. Rickert
Brian P. Rickert
Ann Holden Kendell

BROWN, WINICK, GRAVES, GROSS,
BASKERVILLE AND SCHOENEBAUM, P.L.C.
666 Grand Avenue, Suite 2000
Des Moines, IA 50309-2510
Telephone: 515-242-2400
Facsimile: 515-323-8557
E-mail: Rickert@brownwinick.com
Ahk@brownwinick.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 16th day of June, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which, pursuant to Local Rule 5.3(k)(1), will send a notice of electronic filing to the following:

John F. Doak  
Thomas E. Cady  
1000-36th Avenue  
P.O. Box 950  
Moline, IL 61266-0950  
ATTORNEYS FOR PLAINTIFF

/s/ Crystal Kansala